## AUGUST TERM, 1805.

---

### *Deodatus Clark* v. *Isaac Frost and Wife.*

SIMONDS, on an application to set aside a default and all subsequent proceedings, relied on an affidavit made by the defendants' son, setting forth an agreement to stop all further measures in consequence of a settlement then made, and showing, as a cause for the deposition being by the son, that his parents were so old and infirm they could not go to a commissioner to be sworn, but that he, the deponent, having been employed to take care of their interests, was perfectly acquainted with the merits of the cause, and all that had taken place.

*Gold*, in opposition, read four depositions flatly contradicting the settlement, and the inability of the defendants ; and also stating the deponent on their behalf, to be a person totally devoid of all credit. He

also contended that the motion ought to be founded on the affidavit of the party ; therefore, *that* by the son ought not to have been read.

*Simonds,* in reply, offered affidavits to support the character of the son, by showing the settlement he mentioned had actually taken place.

*Per Curiam.* We will allow affidavits, or other documents, to be adduced to establish the general reputation of a person whose character has been impeached, but we cannot hear any thing supplementary read, to substantiate the ground of motion. Copies of all that is relied on for such a purpose, should be served. In the present instance, the incapacity of the defendants is denied ; and when a third person makes an affidavit, a sufficient reason should be shown, why it was not by the defendant himself.—Besides, a commissioner ought to have gone to their house ; and was the affidavit of their son to be received, it would still be insufficient ; for it should have set forth what settlement was made, as it might have been conditional. Take nothing by your motion, and pay the costs of resisting.